UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MANNY LOPEZ, )
 )
    Plaintiff, )
 )
vs. ) Case No. 4:11-CV-891 (CEJ)
 )
SHEA PYRON, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Shea Pyron for summary judgment on Count II of the complaint.[1] Plaintiff has filed a response in opposition to the motion and the issues are fully briefed.

Plaintiff Manny Lopez was a passenger in a vehicle being operated by defendant when it collided with a United States Postal Service truck. Plaintiff claims that the collision was caused by defendant's negligence and he seeks to recover damages for the injuries he sustained.

    **I.    Legal Standard**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986);

---

[1] In Count I, plaintiff asserts a claim against the United States based on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (quoting Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

II. Background

On August 13, 2009, plaintiff was a passenger in a vehicle operated by defendant when it was struck from behind by a United States Postal Service truck operated by Robert Cleveland. The collision occurred at the intersection of Washington Avenue and Tucker Boulevard in St. Louis, Missouri. In her deposition, defendant testified that she changed from the right lane to the left lane on Tucker Blvd., two blocks before the intersection where the collision occurred. This testimony is corroborated by plaintiff who testified that defendant changed lanes "at least two stoplights" prior to reaching the intersection. Defendant further testified that she used her turn signal prior to changing lanes, and that she was traveling the speed limit at the time. Defendant stated that as she approached the intersection, she slowed down and came to a complete stop. While stopped, she looked in her rear-view mirror and saw the postal truck strike her vehicle. She testified that she had "just enough time to get stiff" before the collision occurred. According to plaintiff, defendant's vehicle was stopped for three seconds prior to the collision. Plaintiff testified that he heard the postal truck's air brakes prior to the collision.

The police arrived at the scene approximately nine minutes after the accident. A police report was prepared containing the following statement attributed to Mr. Cleveland, the driver of the postal truck:

> Driver of vehicle #1 stated he was driving north on Tucker Blvd approaching Washington. He advised the two cars in front of him had gotten into the left turn lane to head west on Washington. He advised the light at Tucker Blvd and Washington Avenue started to change from green to yellow when vehicle #2 suddenly "jumped" in front of him from the lane to his right.

The parties did not take Mr. Cleveland's deposition and he is now deceased.

### III. Discussion

The elements of a negligence claim in Missouri are (1) a legal duty by the defendant to conform to a certain standard of conduct to protect others against unreasonable risks, (2) a breach of that duty, (3) a proximate cause between the conduct and the resulting injury, and (4) actual damages to the plaintiff's person or property. Rill v. Trautman, 950 F.Supp. 268, 271 (E.D. Mo. 1996) (citing Horn v. B.A.S.S., 92 F.3d 609, 611 (8th Cir. 1996)). In the complaint, plaintiff claims that defendant was negligent in the following ways: (1) not paying attention to the operation of her vehicle; (2) failing to keep a careful lookout; (3) failing to exercise care to avoid the accident; (4) operating her vehicle in excess of the speed limit; (5) operating her vehicle too fast for conditions; and (6) failing to signal her intent to change lanes.

It is undisputed that defendant used her turn signal and that she was driving within the speed limit. There is no evidence that defendant either failed to keep a careful lookout or that by looking out more carefully, the collision could have been avoided. Further, plaintiff corroborated defendant's testimony that she changed lanes approximately two blocks before the intersection where the collision occurred and that the defendant's vehicle had come to a complete stop before it was struck by the postal truck. Nevertheless, plaintiff argues that the statement attributed to Mr. Cleveland

the police report is evidence that defendant caused or contributed to cause the accident and, therefore, summary judgment cannot be granted. Specifically, plaintiff refers to the statement that defendant "suddenly 'jumped' in front of" Mr. Cleveland's vehicle.

In reviewing a motion for summary judgment, a court "can consider any material *that would be admissible* at trial." Rill, 950 F.Supp. at 269 (emphasis added). The police report is unquestionably hearsay, as defined in Rule 801 of the Federal Rules of Evidence. As such, the report is not admissible evidence, unless it falls under an exception to the hearsay rule. FED. R. EVID. 802.

Plaintiff has not presented any facts establishing an exception to the hearsay rule that would apply to police report. Nothing in the statement attributed to Mr. Cleveland can be construed as a statement against his own interests. FED. R. EVID. 804(b)(3)(statement made by a declarant who is unavailable as a witness may be excepted from the hearsay rule if it is "so contrary to the declarant's proprietary or pecuniary interests or had so great a tendency to . . . expose the declarant to civil or criminal liability" that he would not have made the statement unless it were true). To the contrary, the statement attributes fault to the plaintiff.

The statement also cannot be construed as a present sense impression, because it was not made "while or immediately after the declarant perceived" the event the statement describes. FED. R. EVID. 803(1). Based on the time the police arrived at the scene, the statement was made at the earliest nine minutes after the accident occurred. "The underlying rationale of the present sense impression exception is that substantial contemporaneity of event and statement minimizes unreliability due to defective recollection or conscious fabrication." United States v. Beck, 122 F.3d 676, 681-82 (8th Cir. 1997); see United States v. Manfre, 368 F.3d 832 (8th Cir. 2004) (declining to apply present sense impression exception where intervening walk or drive took place between events and the time statements were given). In this case, the nine-minute

lapse of time between the event and the statement created an "opportunity for strategic modification [which] undercuts the reliability that spontaneity insures." Manfre, 368 F.3d at 840. Here, Mr. Cleveland had more than enough time to reflect on his story prior to giving a statement to the police. The excited utterance exception under Rule 803(2) includes a somewhat more lenient temporal component than the exception for present sense impressions. An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." FED. R. EVID. 803(2). The justification for this exception is that "the stress of nervous excitement or physical shock 'stills the reflective faculties,' thus removing an impediment to truthfulness." United States v. Sewell, 90 F.3d 326, 327 (8th Cir. 1996) (quoting United States v. Elem, 845 F.2d 170, 174 (8th Cir. 1988)). Defendant argues that the justification for the exception is absent here and therefore the exception does not apply. The Court agrees.

In determining whether the excited utterance exception applies, the focus is on whether "the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation." United States v. Iron Shell, 633 F.2d 77, 86 (8th Cir. 1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981). In determining whether the statement was spontaneous or a product of reflection, the court may "consider the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement." Reed v. Thalacker, 198 F.3d 1058, 1061 (8th Cir. 1999).

The time lapse in this case does not alone preclude application of the exception. Iron Shell, 633 F.2d 77 (statements elicited by a police officer between 45 minutes and one hour and 15 minutes after an assault were admissible). However, the

circumstances indicate that the statement was given in response to the police officer's inquiry. No facts have been presented to the Court showing that Mr. Cleveland was in a stressed mental state when he made the statement. Finally, the subject matter of the statement---the assignment of fault to the other driver---is classic "finger-pointing" which weighs against applying the exception. Given the circumstances of this case, the excited utterance exception does not apply.

### IV. Conclusion

For the reasons discussed above, the Court concludes that the police report is hearsay and not admissible under any exception to the hearsay rule. Because the inadmissible report is the only evidence that plaintiff relies on to establish his negligence claim, the defendant is entitled to judgment as a matter of law on Count II.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Shea Pyron for summary judgment [Doc. # 45] is **granted**.

Judgment will be entered in favor of the defendant at the conclusion of all proceedings in this case.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of March, 2013.