UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MANNY LOPEZ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11-CV-891 (CEJ) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Manny Lopez was a passenger in a vehicle involved in a collision with a United States Postal Services truck. He filed suit for damages under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* On December 16, 2013, following a bench trial, the Court entered judgment in favor of defendant. Plaintiff moves for a new trial pursuant to Fed.R.Civ.P. 59. Defendant has filed a brief in opposition to the motion.

Rule 59(a) provides that a court may grant a new trial "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed.R.Civ.P. 59(a)(1)(B). Upon such a motion, a court may "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed.R.Civ.P. 59(a)(2). "The key question in determining whether a new trial is warranted is whether it is necessary to prevent a miscarriage of justice." Haigh v. Gelita USA, Inc., 632 F.3d 464, 471 (8th Cir. 2011) (citation omitted).

In support of his motion for a new trial, plaintiff argues that the evidence establishes that he is entitled to judgment under Missouri's "rear-end collision doctrine" and that the Court erred in allowing opinion testimony from police officer Janet McKern. Plaintiff's motion restates the factual and legal assertions he made in his post-trial brief

and thus fails to state any grounds supporting a new trial. Having reviewed plaintiff's motion and his previous arguments, the Court concludes that a new trial is not necessary to prevent a miscarriage of justice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for new trial [Doc. #93] is denied.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.